UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO PINTADO RODRIGUEZ,

     Petitioner,

   v.                          Case No.:  2:26-cv-00932-SPC-DNF

TODD BLANCHE *et al*,

     Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Pedro Pintado Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Pintado Rodriguez is a native of Cuba who was paroled into the United States on August 23, 2000.  He has since been convicted of fraud, cocaine possession, contempt of court, habitual driving while license suspended, robbery with a deadly weapon, domestic battery/strangulation, burglary, aggravated assault with a weapon, and false imprisonment.  The record does not reflect when each conviction occurred.  An immigration judge ordered him removed on March 26, 2009, and Immigration and Customs Enforcement ("ICE") released him under an order of supervision on June 24, 2009.  Pintado Rodriguez served another prison sentence beginning in 2000, and ICE released him under another order of supervision on December 12, 2024.

On December 8, 2025, local police arrested Pintado Rodriguez for driving with a suspended license and handed him over to Immigration and Customs Enforcement ("ICE"). He is currently detained at Alligator Alcatraz. Pintado Rodriguez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Pintado Rodriguez's petition is premature

because his current detention has not exceeded 180 days. They assume the

six-month presumptively reasonable period of detention resets each time a

noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It

would effectively allow DHS to detain noncitizens indefinitely and avoid

judicial scrutiny by releasing and re-detaining them every 180 days. As the

Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for

establishing a presumptively reasonable '6-month period' for detention

pending removal supports our conclusion that this period commences at the

beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052

n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention

has expired, *Zadvydas*'s burden-shifting framework applies. Pintado

Rodriguez carried his initial burden by showing a good reason to believe there

is no significant likelihood of removal in the reasonably foreseeable future. The

government was unable to remove him in 2009 and 2024, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but its only rebuttal is a vague reference to changes in executive branch leadership, diplomatic relations, and immigration policy. The Court finds no significant likelihood Pintado Rodriguez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Pintado Rodriguez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Pedro Pintado Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Pintado Rodriguez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Pintado Rodriguez may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record